**Ruth E. HOLBROOK,**
**Plaintiff–Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of**
**Health, Education and Welfare,**
**Defendant–Appellee.**

**No. 79–3289.**

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 2, 1979.

Decided Dec. 22, 1980.

Daniel L. Manring, Barkan, Barkan & Neff, Columbus, Ohio, for plaintiff–appellant.

James C. Cissell, U. S. Atty., Joseph E. Kane, Asst. U. S. Atty., Columbus, Ohio, Steven J. Plotkin, Asst. Regional Atty., Dept. of Health & Human Ser., Chicago, Ill., for defendant–appellee.

Before MERRITT and MARTIN, Circuit Judges, and COHN, District Judge.*

PER CURIAM.

Plaintiff Ruth E. Holbrook appeals from a District Court judgment rejecting her challenge to the constitutionality of a section of the Social Security Act that treats the adoption of unrelated children differently from the birth of natural children or the adoption of step–children. The denial of plaintiff's insurance benefits is based on the ineligibility of her adopted child, which ineligibility in turn is based on 42 U.S.C. § 402(d)(8), the challenged provision. She claims that the distinctions the section makes are irrational and thus violate equal protection and due process rights. We hold that those rights have not been violated, and we therefore affirm the judgment of the District Court.

No facts are disputed. Plaintiff's husband became entitled to disability benefits in June 1969. More than three years later, in July 1972, plaintiff and her husband adopted their niece, whom they had supported since she was four days old. The child was not adopted in order to obtain benefits. Plaintiff concedes that her eligibility turns on her adopted child's eligibility. She concedes that the child is rendered ineligible by the application of § 402(d)(8), which provides that the child of "an individual entitled to disability insurance benefits" is not entitled to benefits unless the child (1) is the "natural child or stepchild" of the individual or (2) "was adopted by the individual" and "was living with ... and receiving at least one–half of his support from [him] ... for the year" before the individual became eligible for insurance benefits. Because the child was adopted long after the husband became eligible for benefits, the provision makes the child–and with her the plaintiff–ineligible for benefits.

The legislative history for the statutory section justifies creating a prophylactic rule treating natural children and step–children differently from adopted children on these grounds:

> [B]enefits for a child who is adopted by a worker already getting old–age or disability benefits should be paid only when the child lost a source of support because his parent retired or became disabled, and ... the law should include safeguards against abuse through adoption of children solely to qualify them for benefits.

H.R.Rep.No.231, 92d Cong., 1st Sess. 52, *reprinted in* [1972] U.S.Code Cong. & Admin. News pp. 4989, 5039. We join four other Courts of Appeals in holding that that justification adequately satisfies the constitutional test of rationality. *Brehm v. Harris*, 619 F.2d 1016 (3d Cir. 1980); *Clayborne v. Califano*, 603 F.2d 372 (2d Cir. 1979); *Luna v. Secretary of HEW*, 588 F.2d 817 (1st Cir. 1978), *cert. denied*, 442 U.S. 935, 99 S.Ct.

---

* The Honorable AVERN COHN, District Judge, United States District Court for the Eastern    District of Michigan, sitting by designation.

2873, 61 L.Ed.2d 306 (1979); *Williams v. Califano*, 566 F.2d 1044 (5th Cir.), *cert. denied*, 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978). The reasoning for the decision is well expressed by then–District Judge Rubin in *Williams v. Matthews*, 441 F.Supp. 1045 (E.D.La.1977), *aff'd* 566 F.2d 1044 (5th Cir.), *cert. denied*, 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978).

Accordingly, we affirm the judgment of the District Court.