**Audley L. VONCK, Plaintiff,**

v.

**Patricia HARRIS, Secretary of HEW, Defendant.**

**No. 79 0766 CV W 3.**

United States District Court, W. D. Missouri, W. D.

Feb. 4, 1982.

---

W. Raleigh Gough, Independence, Mo., for plaintiff.

Judith Strong, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## OPINION AND ORDER

ELMO B. HUNTER, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 401 et seq. Section 405(g) provides for review of a final decision of the Secretary of Health and Human Services [1] by the District Court. This cause appears before the Court on the parties' cross motions for summary judgment and their stipulation that the Court may render a final decision on the pleadings and administrative record without the need for further evidence.[2] The narrow question of the constitutionality of Section 402(d)(8) of the Social Security Act is presented for review. This Court affirms the decision of the Secretary upholding the constitutionality of the section.

The plaintiff is the father through adoption of Emily Vonck, a minor, on whose behalf this action is brought. On July 2, 1971, the plaintiff filed an application for insurance benefits provided in Section 402(a). At that time the plaintiff was sixty-five years old and found to be eligible for some benefits commencing in August of 1971. The plaintiff did not receive benefits at that time because he was employed at a level of income which disqualified him from receiving benefits.

On July 11, 1972, Emily Vonck was born an illegitimate child and placed for adoption. She was formally adopted by the plaintiff and his wife on March 26, 1973. It is undisputed that Emily Vonck was adopted after the plaintiff was eligible to receive

---

1. Formerly, the Secretary of Health, Education and Welfare.

2. Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment, or in the Alternative, For Judgment on the Pleadings contained a prayer for summary judgment rendering 42 U.S.C. § 402(d)(8) unconstitutional.

benefits under Section 402(a). Neither the plaintiff nor his wife is the natural parent of Emily or otherwise related to her except through adoption. It is also undisputed that the plaintiff has provided more than one-half of Emily Vonck's support for the years she has been living with the plaintiff and his wife.

On July 24, 1978, the plaintiff filed an application on behalf of Emily Vonck for child's insurance benefits under Section 402(d) of the Social Security Act. These benefits are generally termed secondary benefits. The application was denied, after which the plaintiff requested a hearing by an Administrative Law Judge. A hearing was held and the Administrative Law Judge denied plaintiff's application. The Appeals Council affirmed this decision and this action followed.

The decision denying insurance benefits for Emily Vonck was based on her inability to satisfy the dependency requirements of Section 402(d). Section 402(d)(1)(C) requires that a child must be dependent upon the wage earner for support in order to qualify for benefits under the statute. Section 402(d)(8) specifically deals with the dependency requirement in cases of children adopted after the wage earner becomes eligible to receive insurance benefits. Section 402(d)(8) provides, in relevant part:

(8) In the case of—

(A) an individual entitled to old-age insurance benefits ...
a child of such individual adopted after such individual became entitled to such old-age or disability insurance benefits shall be deemed not to meet the requirements of clause (i) or (iii) of paragraph (1)(C) unless such child—

(C) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual), or

(D)(i) was legally adopted by such individual in an adoption decreed by a court of competent jurisdiction within the United States,

(ii) was living with such individual in the United States and receiving at least one-half of his support from such individual (I) if he is an individual referred to in subparagraph (A), for the year immediately before the month in which such individual became entitled to old-age insurance benefits, ... or (III) if he is an individual referred to in either subparagraph (A) or subparagraph (B) and the child is the grandchild of such individual or his or her spouse, for the year immediately before the month in which such child files his or her application for child's insurance benefits, and

(iii) had not attained the age of 18 before he began living with such individual.

In the case of a child who was born in the one-year period during which such child must have been living with and receiving at least one-half of his support from such individual, such child shall be deemed to meet such requirements for such period if, as of the close of such period, such child has lived with such individual in the United States and received at least one-half of his support from such individual for substantially all of the period which begins on the date of birth of such child.

It is clear from the language of the statute that Emily Vonck does not qualify for insurance benefits under Section 402(d) because she was adopted after the wage earner became eligible for Section 402(a) insurance benefits and she does not otherwise satisfy the requirements of Sections 402(d)(8)(C) or (D).

The plaintiff concedes that under the facts of this case, Emily Vonck does not qualify for insurance benefits under Section 402(d). However, the plaintiff does challenge the constitutionality of Section 402(d)(8) as violative of the Equal Protection requirements of the Fifth Amendment.[3]

3. Though the Fifth Amendment contains no specific equal protection clause, equal protection standards have been found to be present in the Due Process Clause of the Fifth Amendment if the federal statute in question manifested a "patently arbitrary classification, utterly

Section 402(d)(8) makes various classifications of children born after a wage earner becomes eligible for insurance benefits. After born natural children of the wage earner are treated differently than after adopted children. Further, after adopted children who are the natural children or stepchildren of the wage earner are treated differently than after adopted children who are not so related to the wage earner, with the former class receiving insurance benefits under the statute. It is this scheme of classifications which plaintiff argues constitutes invidious discrimination in violation of the Equal Protection requirements of the Fifth Amendment.

The constitutional validity of Section 402(d)(8) in light of Equal Protection analysis has been considered by many courts, most of which have upheld the constitutionality of the Section. *Johnson v. Califano,* 656 F.2d 569 (10th Cir. 1981); *Rodriquez v. Secretary of Health, Education and Welfare,* 644 F.2d 918 (1st Cir. 1981); *Rundle v. Califano,* 639 F.2d 542 (9th Cir. 1981); *Holbrook v. Califano,* 636 F.2d 157 (6th Cir. 1980); *Tsosie v. Califano,* 630 F.2d 1328 (9th Cir. 1980); *Brehm v. Harris,* 619 F.2d 1016 (3d Cir. 1980); *Clayborne v. Califano,* 603 F.2d 372 (2d Cir. 1979); *Williams v. Mathews,* 566 F.2d 1044 (5th Cir.) *cert. denied* 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978). *But, see Stanley v. Secretary of Health, Education and Welfare,* 356 F.Supp. 793 (W.D.Mo.1978). The parties have not revealed, nor has the Court discovered after its independent search, any case from the Eighth Circuit directly addressing this issue.

Section 402(d)(8) limits the eligibility of after adopted children for insurance benefits to those who are the natural children or stepchildren of the wage earner. Otherwise, after adopted children are eligible for insurance benefits only if they were living with the wage earner and received at least one-half of their support from the wage earner for the year immediately prior to the month the wage earner became eligible to receive insurance benefits.

The rationale for this classification and treatment can be found in the legislative history of the Social Security Amendments of 1972. P.L. 92–603. When enacting the amendments Congress indicated its concern over potential abuses in the granting of secondary benefits under the Act, saying:

> [T]he committee believes that benefits for a child who is adopted by a worker already getting old age disability benefits should be paid only when the child lost a source of support because his parents retired or became disabled, and that the new law should include safeguards against abuse through adoption of children solely to qualify them for benefits.

H.Rep. No. 92–231, 92d Cong., 2d Sess., Reprinted at 1972 U.S.Code Cong. & Ad. News, pp. 4989, 5039.

■ When considering constitutional challenges to classifications created by the Social Security Act, the appropriate inquiry is whether the classifications have some rational basis. There has been a consistent refusal "to invalidate on equal protection grounds legislation which is simply deemed unwise or unartfully drawn." *United States Railroad Retirement Board v. Fritz,* 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); *See also Matthews v. DeCastro,* 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Flemming v. Nestor, supra.*

■ The classifications created by Section 402(d)(8) have a rational basis and are not constitutionally invalid. This case is similar to *Weinberger v. Salfi, supra* 422 U.S. at 777, 95 S.Ct. at 2472, where the Supreme Court noted that:

> Congress, its concern having been reasonably aroused by the possibility of an abuse which it legitimately desired to avoid, could rationally have concluded both that a particular limitation or quali-

lacking in rational justification." *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); *Richardson v. Belcher,* 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971).

fication would protect against its occurrence, and that the expense and other difficulties of individual determination justified the inherent imprecision of a prophylactic rule.

That such a rule is not formulated with mathematical precision or results in some inequalities does not render it unconstitutional if a rational basis for the rule exists. *United States Railroad Board v. Fritz, supra*, 449 U.S. at 101 S.Ct. at 458–460, 66 L.Ed.2d at 375–377.

It was rational for Congress to create classifications such as those contained in Section 402(d)(8) in order to protect against the economic motivation of adopting children simply to qualify them for benefits under Section 402(d). Congress could also have rationally determined that the potential for such abuse under Section 402(d) was greater in the adoption of children unrelated to the wage earner than when the adoption was already cemented by a blood or marital relationship. *See Johnson v. Califano, supra* at 573–74. Whether the remedy created by Section 402(d)(8) for potential abuse of secondary benefits is the best and most equitable one available is a question beyond the scope of this Court's review. That in practice the classifications of Section 402(d)(8) result in the denial of secondary benefits to some individuals who were not adopted through economic motivation does not render the classifications invalid. Over or under inclusion in an otherwise rationally based class is permissible. *Rundle v. Califano, supra* at 544. The Congressional purpose behind the classifications of Section 402(d)(8) is legitimate and serves as a rational basis for the section.

The plaintiff relies heavily on the case of *Jiminez v. Weinberger*, 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1976). In that case the Supreme Court found that the particular statutory classification of illegitimate children at issue was violative of equal protection guarantees because the potential for spurious claims was the same in the two classes created. That is not the case here. *See Johnson v. Califano, supra* at 573–74; *Rundle v. Califano, supra* at 545;

*Clayborne v. Califano, supra* at 380. As noted, Congress could rationally have determined that the potential for abuse under Section 402(d) was greater in cases of after adopted children when the relationship was not otherwise bound by blood or marriage.

The plaintiff also argues that Section 402(d)(8) creates an irrebuttable presumption regarding after adopted children who are not the natural children or stepchildren of the wage earner. He argues that these after adopted children should be given the opportunity to prove that they are dependent upon the wage earner for support and that their adoption was not economically motivated.

The Supreme Court considered and rejected a nearly identical argument in *Weinberger v. Salfi, supra* 422 U.S. at 768–74, 95 S.Ct. at 2468–2471. Objective criteria may be established to qualify for social security benefits so long as they rationally relate to a permissible legislative purpose. The Court finds the objective criteria of Section 402(d)(8) so related. Applicants are free to present evidence showing that they meet those criteria. That these criteria may, to some degree, result in classifications which are either over inclusive or under inclusive does not render them unconstitutional. *See Rodriquez v. Secretary of Health, Education and Welfare, supra* at 922.

For the above reasons it is hereby

ORDERED that plaintiff's motion for summary judgment is denied. It is further

ORDERED that defendant's motion for summary judgment is granted.