Sheryl KALCHSTEIN, on Behalf of Heidi KALCHSTEIN, Plaintiff,

v.

Louis SULLIVAN, Secretary of the United States Department of Health and Human Services, Defendant.

No. CV 90–0202.

United States District Court, E.D. New York.

March 14, 1991.

Max D. Leifer, P.C., Astoria, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Michelle Ritholz, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Sheryl Kalchstein ("plaintiff") brings this action on behalf of her adoptive daughter, Heidi Kalchstein ("claimant"), pursuant to § 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), for review of a final determination of the Secretary of Health and Human Services ("Secretary") denying claimant's right to receive child's insurance benefits under § 202(d) of the Act, 42 U.S.C. § 402(d).[1] Currently before the Court are motions by both sides for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## BACKGROUND

The facts necessary for an understanding of this action are straightforward. Plaintiff was granted a period of disability commencing November 17, 1972 and

---

1. For purposes of simplicity, all citations to the United States Code hereinafter will refer to Title 42.

awarded disability insurance benefits pursuant to 42 U.S.C. § 423. Claimant was born on December 19, 1974 and legally adopted on March 3, 1976 by plaintiff and Martin Kalchstein, plaintiff's husband at the time of the adoption.

On February 23, 1988, plaintiff filed an application on behalf of claimant for child's insurance benefits pursuant to § 402(d).[2] This application was denied initially and on reconsideration on the ground that claimant failed to meet the dependency requirement of § 402(d)(1)(C),[3] as specified in § 402(d)(8)(D)(ii).[4] Plaintiff then requested a hearing which was held on June 9, 1989. The Administrative Law Judge considered the case de novo and on July 19, 1989 determined that claimant was not entitled to child's insurance benefits since she was not living with and receiving at least one-half of her support from plaintiff during the one-year period immediately prior to November, 1972, the time when plaintiff's disability commenced. The decision of the Administrative Law Judge became the final decision of the Secretary when, on December 4, 1989, the Appeals Council for the Department of Health and Human Services denied plaintiff's request for review. This action followed.

**2.** A prior application filed in 1980 by plaintiff on behalf of claimant for benefits pursuant to § 402(d) is not the subject of the motions currently before the Court.

**3.** Section 402(d)(1)(C) requires, inter alia, that in order to qualify for child's insurance benefits, the child is dependent upon the wage earner. § 402(d)(1)(C). Under the Act, the wage earner is the "primary" beneficiary while the "secondary" beneficiary is someone who receives benefits because of his relationship to and dependence upon the wage earner.

**4.** At the time that claimant's application was filed, § 402(d)(8) provided, in pertinent part, that:

   In the case of—

   .   .   .   .   .

   (B) an individual entitled to disability insurance benefits ..., a child of such individual adopted after such individual became entitled to such ... disability insurance benefits shall be deemed [ineligible for child's insurance benefits] unless such child—

   (C) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual), or

## DISCUSSION

The Secretary's determination that claimant does not meet the dependency requirement of § 402(d) is conclusive if supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). To find substantial evidence, the district court looks to the entire record, including both contradictory evidence as well as evidence from which conflicting inferences can be drawn. Mongeur v. Heckler, 722 F.2d 1033 (2d Cir.1983). It is not a district court's function to make a de novo determination. Parker v. Harris, 626 F.2d 225, 231 (2d Cir.1980). With these principles in mind, the Court turns to address the motions.

In the present case, plaintiff concedes that the Secretary correctly determined

   (D)(i) was legally adopted by such individual in an adoption decreed by a court of competent jurisdiction within the United States;

   (ii) was living with such individual in the United States and receiving at least one-half of his support from such individual ... (II) if he is an individual referred to in paragraph (B), for the year immediately before the month in which began the period of disability of such individual which still exists at the time of the adoption ..., and

   (iii) had not attained the age of 18 before he began living with such individual.

   Section 402(d)(8)(D) has since been amended to eliminate the dependency test for children who were under the age of 18 at the time of adoption. This amendment applies to benefits payable for months after December 1989, providing that the application for such benefits was filed on or after January 1, 1990. Tit. X, Subtit. C, § 10301(a), (c) of the Omnibus Budget Reconstruction Act of 1989, Pub.L. No. 101–239, 103 Stat. 2106, 2481 (1989). Claimant's application was filed prior to the effective date of the amendment and, therefore, is unaffected by the amendment.

that claimant failed to satisfy the statutory requisites of former § 402(d)(8)(D)(ii) since claimant, as an unrelated after-adopted [5] child, was not living with and receiving at least one-half of her support from plaintiff during the one year period immediately preceding the onset of plaintiff's disability. (Plaintiff's Memo at 1) (wherein plaintiff adopts defendant's characterization of the facts of the case). *See* 42 U.S.C. § 402(d)(8)(D)(ii) (1983), (*amended by* 42 U.S.C. § 402(d)(8)(D)(ii) (Supp.1990)). Rather, plaintiff premises her argument principally on claimant's equal protection interests, which this Court now may reach in the absence of nonconstitutional grounds for consideration. *See Jean v. Nelson,* 472 U.S. 846, 854, 105 S.Ct. 2992, 2996, 86 L.Ed.2d 664 (1985) (citations omitted).

Plaintiff argues that the dependency requirement of former § 402(d)(8)(D)(ii) discriminates against unrelated after-adopted children. Under § 402(d)(1), an unmarried child under the age of 18 who was dependent upon the "primary" beneficiary at the time the application for secondary benefits was filed is entitled to secondary disability benefits. 42 U.S.C. § 402(d)(1). For purposes of § 402(d)(1), a child is considered dependent on her parent unless at the time of filing the "parent is not living with or contributing to the support of the child and the child is neither the 'legitimate' nor adopted child of the parent, or unless the child has been adopted by someone else." *Clayborne v. Califano,* 603 F.2d 372, 375–76 (2d Cir.1979) (construing § 402(d)(3)). A stepchild is dependent on the stepparent if the child is residing with or receiving no less than one-half of her support from the stepparent at the time the application is filed. 42 U.S.C. § 402(d)(4).

As noted above, former § 402(d)(8) considers an after-adopted child to be dependent upon the adoptive parent only if the

child is a natural child or stepchild of the primary beneficiary, § 402(d)(8)(C), or was legally adopted by the insured by order of a United States court of competent jurisdiction, § 402(d)(8)(D)(i), and was living in this country with the insured and receiving no less than one-half of her support from the insured. 42 U.S.C. § 402(d)(8)(D)(ii) (1983) (*amended by* 42 U.S.C. § 402(d)(8)(D)(ii) (Supp.1990)) (eliminating the dependency test for children under the age of 18 at the time of adoption).[6] Hence under the superceded version of the statute,[7] child's insurance benefits are available to adopted children related to the insured by blood or marriage but not to "other adopted children, i.e., unrelated children, unless they were dependent on the insured prior to the onset of the disability." *Clayborne,* 603 F.2d at 376 (footnote omitted).

■ Plaintiff grounds her claim on this very distinction and attempts to bolster her argument on the fact that Congress has since eliminated that distinction. (Plaintiff's Memo at 3). However, the mere fact that a particular statute is subsequently amended is not tantamount to a finding that it was unconstitutional prior to its amendment. In the absence of proof to the contrary, a statute enjoys a "strong presumption of constitutionality." *Mathews v. De Castro,* 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976). In fact, the Second Circuit specifically determined that, although the unamended statute treats unrelated after-adopted children differently from other children, it is indeed constitutional. *Clayborne,* 603 F.2d at 379–81.

■ Given that the class into which claimant falls is not "suspect," *id.* at 378–79 (citation omitted) (unrelated after-adopted children not found to be a suspect class); *see also Lindley for Lindley v.*

---

**5.** An after-adopted child is one who was not dependent on the "primary" beneficiary prior to the onset of the term of disability.

**6.** However, a child who is the grandchild of the adoptive parent was considered dependent on the insured if the child lived with and received at least one-half of her support from the insured for the year immediately prior to the filing of the application for child's insurance benefits.

§ 402(d)(8)(D)(ii)(II) (*amended by* § 402(d)(8)(D)(ii) (Supp.1990)); *Clayborne,* 603 F.2d at 376 n. 6 (decided prior to the amendment of § 402(d)(8)(D)(ii)).

**7.** The former version of the statute applies to applications for child's insurance benefits filed prior to January 1, 1990.

*Sullivan*, 889 F.2d 124 (7th Cir.1989) (footnote omitted),[8] the "statutory classification satisfies constitutional requirements if it is reasonably believed to promote a legitimate legislative purpose." *Clayborne*, 603 F.2d at 377 (footnote omitted). An examination of the statute's legislative history shows this was the case:

> [The] committee believes that benefits for a child who is adopted by a worker already getting old age or disability benefits should be paid only when the child lost a source of support because his parents retired or became disabled, and that the law should include safeguards against abuse through adoption of children solely to qualify them for benefits. The committee has included in the bill a provision that it believes will accomplish these objectives.

H.R.Rep. No. 231, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Admin. News 4989, 5039.

The Second Circuit noted that in addition to preventing "sham" adoptions, Congress had a legitimate interest in seeking to prevent "adoptions undertaken for a disapproved reason." *Clayborne*, 603 F.2d at 378 n. 12. While this Court does not imply that such was the case here, it is clear beyond cavil that the unamended statute is capable of withstanding rational basis scrutiny. *Id.* at 379; *see also Rodriguez v. Sec'y of Health, Educ. and Welfare*, 644 F.2d 918 (1st Cir.1981); *Rundle v. Califano*, 639 F.2d 542 (9th Cir.1981); *Johnson v. Califano*, 656 F.2d 569 (10th Cir.1981); *Holbrook v. Califano*, 636 F.2d 157 (6th Cir.1980) (each upholding former § 402(d)(8) in the face of a constitutional challenge).

▮ Plaintiff also tenders the argument that the statute discriminates against those people who must adopt because they cannot conceive a child. This argument is without merit. It is beyond dispute that the right to marry and procreate is fundamental and predates the Constitution. *Griswold v. Connecticut*, 381 U.S. 479, 85

S.Ct. 1678, 14 L.Ed.2d 510 (1965). On the other hand, adoption is solely a product of state law. This intrinsically paves the way for differences in the statutory treatment of the adoption process. *See Smith v. Organization of Foster Families For Equality & Reform*, 431 U.S. 816, 846–47, 97 S.Ct. 2094, 2110–11, 53 L.Ed.2d 14 (1977) (e.g., adoption calls for the balancing of the rights of the couple against the state's interest in protecting the natural parents' rights while considering the well being of the child. Obviously, the right to procreate does not involve this balancing of interest.). Additionally, although there is arguably a discriminatory impact on infertile beneficiaries, this, in the absence of a showing of discriminatory intent, is not enough to sustain an equal protection challenge. *Washington v. Davis*, 426 U.S. 229, 242, 96 S.Ct. 2040, 2048, 48 L.Ed.2d 597 (1976).

## CONCLUSION

For the reasons stated above, this Court is satisfied that the decision of the Secretary is correct. Moreover, based on this Court's finding that former § 402(d)(8)(D)(ii) is constitutional, plaintiff's application on behalf of claimant was properly denied. Accordingly, the Secretary's motion for judgment on the pleadings is granted.

SO ORDERED.

---

**8.** The Seventh Circuit points out that even if it were established that claimant was a member of a suspect class, claimant would have the additional burden of proving that Congress intended, by its enactment of § 402(d)(8), to discriminate against that class. *Lindley for Lindley*, 889 F.2d at 132 n. 6. The same reasoning applies in this case. The Seventh Circuit found the statute to be neutral on its face. This Court agrees.