Love DUMAGUIN, Assisted by Her Legal Guardian, Lolita J. Rivera, Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Appellee.

No. 93–5032.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 9, 1994.

Decided July 8, 1994.

Rehearing and Suggestion for Rehearing In Banc Denied Sept. 16, 1994.*

* Mikva, Circuit Judge, did not participate in this matter.

Gary P. Gross (student counsel) argued the cause for the amicus curiae in support of the appellant. On brief were Steven H. Goldblatt (appointed by the court), Bonnie I. Robin–Vergeer, Washington, DC, and Lynn L. Abraham (student counsel).

On brief was Love Dumaguin, pro se.

Claire M. Whitaker, Asst. U.S. Atty., Washington, DC, argued the cause for the appellee. On brief were Eric H. Holder, Jr., U.S. Atty., and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, DC.

Before EDWARDS, GINSBURG and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

In district court, Love Dumaguin—a resident of the Philippines adopted by an American wage earner—challenged the denial of her request for payment of child insurance benefits under the Social Security Act (the Act), 42 U.S.C. §§ 402 *et seq.*, by the Secretary (Secretary) of the Department of Health and Human Services. The Secretary moved to dismiss Dumaguin's complaint, or in the alternative for summary judgment, on the grounds that: (1) she had not served process on the United States Attorney; and (2) she failed to meet the requirements of 42 U.S.C. § 402(t)(11)(C)(ii). The district court granted the Secretary's motion without specifying the ground therefor. Dumaguin argues on appeal that the district court abused its discretion by dismissing her complaint based on insufficient service of process because, as an *in forma pauperis* plaintiff, she was entitled to rely on the United States Marshal Service to effect service of process. She also argues that 42 U.S.C. § 402(t)(11)(C)(ii) violates the equal protection clause of the fifth amendment. Although we agree with Love Dumaguin that she was entitled to rely on the United States Marshal to serve process on the United States Attorney, we affirm the district court's dismissal of her complaint because her equal protection challenge is without merit.

## I.

For forty-three years, Domingo Dumaguin worked in Hawaii as a sugarcane laborer for two American corporations. In January 1973, he began receiving a monthly pension of $229 from the Social Security Administration (SSA). When he retired from his job in September 1973, he moved to La Union, the Philippines.

On December 19, 1979, Domingo Dumaguin adopted Love Yanson, a five-year-old Philippine national. Both of Love Dumaguin's parents were alive at the time of the adoption. Domingo Dumaguin was an elderly relative of Love Yanson and had reared her since her infancy. Love Yanson's name was legally changed to Love Dumaguin. Joint Appendix (J.A.) at 146. At the time of the adoption, Domingo Dumaguin was seventy-one years old. Domingo and Love Dumaguin lived in the Philippines from the time of the adoption until his death in 1986.

After Domingo Dumaguin's death, Love Dumaguin applied to the SSA for child insurance benefits. In August 1987, the SSA denied her application because she failed to meet the requirements of 42 U.S.C. § 402(t)(11)(C), which establishes a residency requirement for alien dependents and survivors who are otherwise entitled to benefits under the Act. Under section 402(t)(11)(C), an applicant meets the residency requirement if:

(i)(I) such individual has resided in the United States (as the child of the person on whose wages and self-employment income such entitlement is based) for a total period of not less than 5 years, or

(II) the person on whose wages and self-employment income such entitlement is based, and the individual's other parent . . ., if any, have each resided in the United States for a total period of not less than 5 years (or died while residing in the United States).

42 U.S.C. § 402(t)(11)(C)(i). An additional residency requirement applies to an adopted individual:

(ii) in the case of an individual entitled to such benefits as an adoptive child, such individual was adopted within the United States by the person on whose wages and self-employment income such entitlement is based, and has lived in the United States with such person and received at least one-half of his or her support from such person for a period (beginning before such individual attained age 18) consisting of—

(I) the year immediately before the month in which such person became eligible for old-age insurance benefits or disability insurance benefits or died, whichever occurred first

42 U.S.C. § 402(t)(11)(C)(ii). The SSA denied Love Dumaguin's application because she had not been adopted in the United States and had not lived in the United States with her adoptive father. J.A. at 98. The Appeals Council denied her request for review. J.A. at 91–92.

Love Dumaguin brought suit in the United States District Court for the Central District of California, seeking review of the SSA's decision and challenging the constitutionality of 42 U.S.C. § 402(t)(11)(C)(ii). Love Dumaguin requested that she be allowed to proceed *in forma pauperis*, and on August 16, 1989, her representative, Glorioso Ganuelas, moved for appointment of counsel. The motion for appointment of counsel asked that service of process be made by the United States Marshal. J.A. at 25. The court denied her request to proceed *in forma pauperis* and for appointment of counsel but held that she could proceed *pro se* through her legal guardian. J.A. at 26. On August 17, 1989, a magistrate judge ordered her to serve the summons and complaint on the United States Attorney personally and on the Secretary and the United States Attorney General by mail. J.A. at 27–30. The magistrate judge also ordered her to file proof that she had effected service of process within thirty days of the order. J.A. at 27.

On September 1, 1989, Ganuelas informed the court by letter that he had provided copies of the summons and complaint to a visiting relative who lived in the United States and who had promised to serve the United States Attorney, the Secretary and the Attorney General by registered mail. J.A. at 31. On September 12, 1989, the United States Attorney's Office for the Central District of California notified Love Dumaguin's legal guardian that service of process by registered mail did not satisfy Federal Rule of Civil Procedure 4(d)(4).[1] J.A. at 52.

On September 19, 1989, the court ordered Love Dumaguin to show cause why the case should not be dismissed for failure to prosecute. J.A. at 35–36. In response, Ganuelas claimed that he did not follow Rule 4(d)(4) because it was "vague." Instead, he followed Federal Rule of Civil Procedure 4(d)(5), which he interpreted to authorize service of process on the United States by sending a copy of the summons and complaint by registered mail to the United States official or agency involved in the underlying lawsuit.[2] Ganuelas also noted that the United States Attorney had in fact been served by registered mail. Finally, Ganuelas requested once again that Dumaguin be allowed to proceed *in forma pauperis*. She was granted the right to proceed *in forma pauperis* and the Government was ordered to file either a document indicating its intent to waive any defect in service of process or a motion to dismiss based on defective service. J.A. at 47.

On October 18, 1989, the United States Attorney's Office wrote to Dumaguin's legal

---

1. Before its amendment in December 1993, Rule 4(d)(4) provided that service must be made on the United States by

> delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States. Fed.R.Civ.P. 4(d)(4).

2. Before its amendment in December 1993, Rule 4(d)(5) provided for service of process "[u]pon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency." Fed.R.Civ.P. 4(d)(5).

guardian repeating the Government's refusal to waive the personal service requirement of Rule 4(d)(4) and stating its intent to move to dismiss Love Dumaguin's complaint if she failed to personally serve it by November 9, 1989. J.A. at 56–57. On November 7, 1989, Ganuelas again filed a request for service by the United States Marshal in district court. In response, the clerk of court informed Ganuelas that he (Ganuelas) could not represent Love Dumaguin because he was not a member of the bar of the United States District Court for the Central District of California. J.A. at 198.

On November 13, 1989, the Secretary moved to dismiss Love Dumaguin's complaint for insufficient service of process and improper venue. On November 14, 1989, the district court granted the Secretary's motion and transferred the case to the United States District Court for the District of Columbia under 42 U.S.C. § 405(g).[3] After the case was transferred, the office of the United States Attorney for the District of Columbia notified Love Dumaguin that her service of process was insufficient. On May 20, 1991, Love Dumaguin again requested that the United States Marshal serve process on the United States Attorney, the Attorney General and the Secretary. J.A. at 63. On May 21, 1991, the Secretary filed a motion to dismiss or in the alternative for judgment of affirmance based both on Love Dumaguin's failure to personally serve the United States Attorney and on her failure to satisfy the requirements of 42 U.S.C. § 402(t)(11)(C)(ii). J.A. at 77–85. The district court granted the Secretary's motion to dismiss. We affirm.

## II.

■ Love Dumaguin first argues that her failure to effect service of process as required by Federal Rule of Civil Procedure 4(d)(4) should not provide the basis of the district court's dismissal of her complaint because she was entitled to rely on the United States Marshal Service to effectuate service of process. We agree. When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties." 28 U.S.C. § 1915(c). Ganuelas repeatedly requested the United States Marshal to serve the United States. He failed to do so. Accordingly, good cause existed under Federal Rule of Civil Procedure 4(j)[4] to excuse her failure to personally serve the United States Attorney. *See Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir.1990) ("[H]aving provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir.1990) (Marshal's failure to effect service of process for *in forma pauperis* plaintiff is "automatically good cause" within Rule 4(j)).

## III.

■ We next address Love Dumaguin's equal protection challenge to 42 U.S.C. § 402(t)(11)(C)(ii). As a threshold matter, we reject the Government's contention that Love Dumaguin lacks standing to challenge the section's constitutionality because the court cannot grant the relief she seeks—payment of child insurance benefits under

---

**3.** Section 405(g) provides that an action contesting the Secretary's denial of benefits:

[S]hall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).

**4.** Before its amendment in December 1993, Federal Rule of Civil Procedure 4(j) provided:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required *cannot show good cause why such service was not made in that period,* the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (emphasis added).

the Act. As the Supreme Court has explained:

> Where a statute is defective because of underinclusion, ... there exist two remedial alternatives: a court may either declare [the statute] a nullity and order that its benefits not extend to the class that the legislature intended to benefit, or it may extend the coverage of the statute to include those who are aggrieved by the exclusion.

*Califano v. Westcott,* 443 U.S. 76, 89, 99 S.Ct. 2655, 2663, 61 L.Ed.2d 382 (1979) (quoting *Welsh v. United States,* 398 U.S. 333, 361, 90 S.Ct. 1792, 1807–08, 26 L.Ed.2d 308 (1970) (Harlan, J., concurring)). We could, then, provide Love Dumaguin a remedy by striking down the additional residency requirement imposed on adopted alien children by 42 U.S.C. § 402(t)(11)(C)(ii) and instead applying only the residency requirement set forth in 42 U.S.C. § 402(t)(11)(C)(i).

■ Turning to her argument that the additional requirements of 42 U.S.C. § 402(t)(11)(C)(ii) violate the equal protection clause of the fifth amendment, we are not persuaded. Love Dumaguin asserts that section 402(t)(11)(C)(ii) is unconstitutional because it imposes a residency requirement on adopted alien children that does not apply to natural alien children. She asks us to apply heightened scrutiny to the classification because, she argues, adopted alien children are a suspect, or at least a quasi-suspect, class. We do not agree. Courts have uniformly applied rational basis review to other residency requirements the SSA has applied to adopted children who are United States citizens. *See Holbrook v. Califano,* 636 F.2d 157 (6th Cir.1980); *Tsosie v. Califano,* 630 F.2d 1328 (9th Cir.1980), *cert. denied,* 451 U.S. 940, 101 S.Ct. 2022, 68 L.Ed.2d 328 (1981); *Brehm v. Harris,* 619 F.2d 1016 (3d Cir.1980); *Clayborne v. Califano,* 603 F.2d 372 (2d Cir.1979); *Williams v. Califano,* 566 F.2d 1044 (5th Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978); *Stanton v. Weinberger,* 502 F.2d 315 (10th Cir.1974). We see no reason to treat adopted alien children any differently. Moreover, the Supreme Court has held that rational basis review is generally applicable to a challenge by an applicant denied social security benefits. *See Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) ("[W]hen we deal with a withholding of a noncontractual benefit under a social welfare program such as [Social Security], we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.") (quoting *Flemming v. Nestor,* 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960)).

■ Love Dumaguin's challenge to 42 U.S.C. § 402(t)(11)(C)(ii) cannot survive rational basis review. "[A] classification must be upheld against equal protection challenge if there is any reasonable conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe,* — U.S. —, —, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257 (1993). There are several readily apparent rational bases for treating adopted alien children differently from natural alien children in determining the recipients of social security benefits. For example, the additional residency requirement imposed on alien adopted children makes it more difficult for a nonresident beneficiary to manufacture a family relationship in order to perpetuate receipt of benefits. Section 402(t)(11)(C)(ii) also enables Congress to save social security funds by restricting the class of non-residents eligible for benefits. Accordingly, we affirm the district court's dismissal of Love Dumaguin's complaint.

*So ordered.*