[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1796

LEEVONN CLOUD,

Plaintiff, Appellant,

v.

COMMUNITY WORKS, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy J. Gertner, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges.  



Leevonn Cloud on brief pro se. 
Judith Malone, Joseph F. Hardcastle and Palmer & Dodge LLP on 
brief for appellees.



 FEBRUARY 25, 1998


Per Curiam. Plaintiff-appellant Leevonn Cloud 

appeals pro se from the dismissal of his amended complaint 

for failure to state a claim of race discrimination under 42

U.S.C. 1981. We affirm in part, vacate in part, and remand

for further proceedings consistent with this opinion.

The instant complaint recounts events surrounding

Cloud's termination from employment as a campaign manager for

Community Works. As amended, the complaint alleges

violations of 42 U.S.C. 1981 against Community Works; its

Board of Directors; Patricia Williams, its former Executive

Director; Frances Froehlich, its former Interim Executive

Director; Robert Paret, a member of the Board of Directors;

and eleven other individual members of the Board. In

addition, the amended complaint alleges various claims under

state law. The district court dismissed the 1981 claim

under Fed. R. Civ. P. 12(b)(6), and it declined jurisdiction

over the state claims, see 28 U.S.C. 1367(c)(3).1 1 

 

1In the district court, several of the defendants argued 1
that the complaint should be dismissed as to them on the
alternative ground that they were never properly served.
Defendants do not renew this argument on appeal, and,
although the district court's order of dismissal is arguably
ambiguous, we construe the dismissal as based solely on Rule
12(b)(6). We note that Cloud is proceeding in forma pauperis 
and that courts have sometimes found "good cause" where the
failure to effect proper service is attributable to the
United States Marshal. See, e.g., Dumaguin v. Secretary of 
Health & Human Servs., 28 F.3d 1218, 1221 (D.C. Cir. 1994). 
However, on remand the district court is free to revisit the
issue whether a failure to effect service is grounds for
dismissal as to one or more of the defendants. 

-2-

We review de novo the dismissal of a complaint for 

failure to state a claim. Aulson v. Blanchard, 83 F.3d 1, 3 

(1st Cir. 1996). We accept the factual allegations in the

complaint as true and indulge all reasonable inferences in

the plaintiff's favor. Id. Contrary to appellees' 

suggestion, civil rights claims are not subject to a

heightened pleading requirement. Moreover, as a pro se 

plaintiff, Cloud is entitled to have his complaint "liberally

construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). 

Even given this generous standard, we are persuaded

that Cloud has failed to state a claim of race discrimination

against the bulk of the defendants. However, we reinstate

his claim of discriminatory termination against Williams,

Paret, and Community Works. In some unspecified period,

Williams allegedly suggested that Cloud not attend a fund-

raising dance because she felt that he would not fit in with

the white, "New Age" people in attendance. Paret allegedly

questioned Cloud's ability to conduct himself properly in a

room full of white people, especially white men. We infer

from allegations in the complaint that both Williams and

Paret were involved in the decision to terminate Cloud. We

think that these allegations are sufficient to survive a

motion under Fed. R. Civ. P. 12(b)(6).2  2

 

2We have considered the comments alleged to have been made 2
by Froehlich, but are not persuaded that they support an
inference of race discrimination.

-3-

Our decision foreshadows nothing about the outcome

of this case should the pleadings be tested in a prompt

summary judgment motion; we hold only that dismissal of the 

1981 claim cannot be upheld as to all defendants under Rule

12(b)(6). Cloud has not specifically requested that we

reinstate his supplemental state law claims, and defendants

suggest that he is now pursuing them in state court. On

remand, Cloud is free to ask the district court, in its

discretion, to exercise supplemental jurisdiction. We

express no opinion as to the merits of his state law claims. 

Affirmed in part, vacated in part, and remanded for 

further proceedings. 

-4-