USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1796 LEEVONN CLOUD, Plaintiff, Appellant, v. COMMUNITY WORKS, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges.  ______________ ____________________ Leevonn Cloud on brief pro se. _____________ Judith Malone, Joseph F. Hardcastle and Palmer & Dodge LLP on _____________ _____________________ ___________________ brief for appellees. ____________________  FEBRUARY 25, 1998 ____________________ Per Curiam. Plaintiff-appellant Leevonn Cloud ___________ appeals pro se from the dismissal of his amended complaint ___ __ for failure to state a claim of race discrimination under 42 U.S.C. 1981. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion. The instant complaint recounts events surrounding Cloud's termination from employment as a campaign manager for Community Works. As amended, the complaint alleges violations of 42 U.S.C. 1981 against Community Works; its Board of Directors; Patricia Williams, its former Executive Director; Frances Froehlich, its former Interim Executive Director; Robert Paret, a member of the Board of Directors; and eleven other individual members of the Board. In addition, the amended complaint alleges various claims under state law. The district court dismissed the 1981 claim under Fed. R. Civ. P. 12(b)(6), and it declined jurisdiction over the state claims, see 28 U.S.C. 1367(c)(3).1 1 ___  ____________________ 1In the district court, several of the defendants argued 1 that the complaint should be dismissed as to them on the alternative ground that they were never properly served. Defendants do not renew this argument on appeal, and, although the district court's order of dismissal is arguably ambiguous, we construe the dismissal as based solely on Rule 12(b)(6). We note that Cloud is proceeding in forma pauperis __ _____ ________ and that courts have sometimes found "good cause" where the failure to effect proper service is attributable to the United States Marshal. See, e.g., Dumaguin v. Secretary of ___ ____ ________ ____________ Health & Human Servs., 28 F.3d 1218, 1221 (D.C. Cir. 1994). ______________________ However, on remand the district court is free to revisit the issue whether a failure to effect service is grounds for dismissal as to one or more of the defendants.  -2- We review de novo the dismissal of a complaint for __ ____ failure to state a claim. Aulson v. Blanchard, 83 F.3d 1, 3 ______ _________ (1st Cir. 1996). We accept the factual allegations in the complaint as true and indulge all reasonable inferences in the plaintiff's favor. Id. Contrary to appellees' ___ suggestion, civil rights claims are not subject to a heightened pleading requirement. Moreover, as a pro se ___ __ plaintiff, Cloud is entitled to have his complaint "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). _______ ______ Even given this generous standard, we are persuaded that Cloud has failed to state a claim of race discrimination against the bulk of the defendants. However, we reinstate his claim of discriminatory termination against Williams, Paret, and Community Works. In some unspecified period, Williams allegedly suggested that Cloud not attend a fund- raising dance because she felt that he would not fit in with the white, "New Age" people in attendance. Paret allegedly questioned Cloud's ability to conduct himself properly in a room full of white people, especially white men. We infer from allegations in the complaint that both Williams and Paret were involved in the decision to terminate Cloud. We think that these allegations are sufficient to survive a motion under Fed. R. Civ. P. 12(b)(6).2  2  ____________________ 2We have considered the comments alleged to have been made 2 by Froehlich, but are not persuaded that they support an inference of race discrimination. -3- Our decision foreshadows nothing about the outcome of this case should the pleadings be tested in a prompt summary judgment motion; we hold only that dismissal of the  1981 claim cannot be upheld as to all defendants under Rule 12(b)(6). Cloud has not specifically requested that we reinstate his supplemental state law claims, and defendants suggest that he is now pursuing them in state court. On remand, Cloud is free to ask the district court, in its discretion, to exercise supplemental jurisdiction. We express no opinion as to the merits of his state law claims.   Affirmed in part, vacated in part, and remanded for ___________________________________________________ further proceedings. ___________________ -4-