09-1657-pr
*Murray v. Pataki, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of May, two thousand ten.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

JOEL MURRAY,

> *Plaintiff-Appellant*,

v.                                                    (09-1657-pr)

GEORGE E. PATAKI, Governor of New York State, KANG YEON LEE, M.D., DANIEL SENKOWSKI, Superintendent of Clinton Correctional Facility, DR. MELENDEZ, R. LEDUC, Corrections Officer, N. IRWIN, J. TRAVERS, J. FORTH, Corrections Officer, R. GIRDICH, Superintendent at Franklin Correctional Facility, GLENN S. GOORD, Commissioner of N.Y.S. D.O.C.S., RICHARD ROY, Inspector General, T. REIF, Corrections Officer, CNY PSYCHIATRIC CENTER, S. JONES,

> *Defendants-Appellees.*\*

_____

---

\* The Clerk of the Court is respectfully directed to amend the official caption as it appears above.

FOR PLAINTIFF-APPELLANT:    Joel Murray, *pro se*, Romulus, NY

FOR DEFENDANTS-APPELLEES:    Andrew M. Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Benjamin N. Gutman, Deputy Solicitor General (Sudarsana Srinivasan, Assistant Solicitor General; Kate H. Nepyeu, of Counsel), New York, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*, Treece, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART**.

Plaintiff-Appellant Joel Murray appeals *pro se* from an order of the United States District Court for the Northern District of New York (Suddaby, *J.*), entered March 29, 2007, dismissing certain of his 42 U.S.C. § 1983 claims against various of the Defendants-Appellees, and from a second order, entered on April 9, 2009, granting summary judgment in favor of Defendants-Appellees on Murray's remaining claims under 42 U.S.C. §§ 1983 and 1985, and dismissing his claim against Defendant-Appellee Dr. Melendez for failure to timely effect service of process upon her pursuant to Federal Rule of Civil Procedure 4(m).  We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues presented on appeal.

We review *de novo* a district court's dismissal of claims pursuant to Fed. R. Civ. P. 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  A complaint must plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). We also review a district court's grant of summary judgment *de novo*, and determine whether there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). While we construe the evidence in the light most favorable to the non-moving party, *id.*, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion," *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

We have undertaken a *de novo* review of the record and relevant cases and, except as noted below, we affirm the dismissal of Murray's claims against all defendants for substantially the same reasons set forth in Magistrate Judge Treece's thorough reports and recommendations of March 5, 2007, and March 3, 2009; these reports were adopted by the district court in their entirety.

We vacate the district court's dismissal of Murray's claim against Dr. Melendez for failure to serve process. We review a district court's dismissal pursuant to Federal Rule of Civil Procedure 4(m) for abuse of discretion. *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). A district court abuses its discretion if it bases its ruling on an erroneous view of the law or clearly erroneous findings of fact, or its decision "cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action

without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows "good cause for the failure" to serve, the district court is required to grant an "appropriate" extension of time in which to serve. *Id.* District courts also have discretion to enlarge the 120-day period even in the absence of good cause. *See Zapata*, 502 F.3d at 196. A *pro se* prisoner proceeding *in forma pauperis*, such as Murray, is "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes "good cause" for an extension of time within the meaning of Rule 4(m). *See, e.g., id.*; *see also Moore v. Jackson,* 123 F.3d 1082, 1085-86 (8th Cir. 1997); *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996); *Dumaguin v. Sec'y of Health & Human Servs.*, 28 F.3d 1218, 1221 (D.C. Cir. 1994); *Sellers v. United States,* 902 F.2d 598, 602 (7th Cir. 1990); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). A *pro se* prisoner proceeding *in forma pauperis* is only required to provide the information necessary to identify the defendant, *see, e.g.*, *Sellers,* 902 F.2d at 602, and it is "unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison," *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010).

Here, albeit after receiving a number of extensions of time within which to serve Melendez, Murray provided information that was sufficient to identify Dr. Melendez by full name and as an employee formerly assigned to Clinton Correctional Facility. *See* Doc. 103, *Murray v. Pataki*, 9:03-CV-1263 (N.D.N.Y. Apr. 13, 2007) (letter from Murray to the district court styled "Notification of Defendant"). This was sufficient to satisfy Murray's burden to provide sufficient information for the Marshals to identify the defendant. Although the Marshals subsequently failed to serve Dr.

Melendez at the Clinton facility on March 11, 2008, *id.* Doc. 134, they were clearly able to identify her from the information proffered by Murray, and service was unsuccessful merely because Dr. Melendez apparently no longer worked at Clinton. *See id.* As Murray had satisfied his burden, it was an abuse of discretion for the district court to require him to provide additional information regarding Dr. Melendez, and to dismiss Murray's claims against her pursuant to Rule 4(m) for failure to serve process upon her. District courts have a responsibility to assist *pro se* plaintiffs in their efforts to serve process on defendants. *See Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (recognizing district court's obligation to allow *pro se* plaintiff limited discovery to identify defendant for service of process). With the information that Murray provided, the district court here could have ordered the other defendants to contact Dr. Melendez to see if she would accept service or to provide the Marshals with Dr. Melendez's last known address.

For the foregoing reasons, the judgment of the district court dismissing the claims against Dr. Melendez for failure to serve process is **VACATED**, and we **REMAND** to the district court for further proceedings in accordance with this decision. The judgment is **AFFIRMED** in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5