**BAYOU AUGUSTE TENANTS ORGANIZATION, etc., et al., Plaintiffs-Appellants,**

v.

**George ROMNEY, etc., et al., Defendants-Appellees.**

**No. 73–1306.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1975.

Thomas J. Long, Gulfport, Miss., for plaintiffs-appellants.

Robert E. Hauberg, U. S. Atty., Lemuel A. Smith, III, Asst. U. S. Atty., Jackson, Miss., for plaintiffs-appellants.

Jacob D. Guice, Biloxi, Miss., for Biloxi Housing.

Before COLEMAN, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Bayou Auguste Tenants Organization and other named plaintiffs appeal from a dismissal for want of jurisdiction. We affirm.

In order to determine jurisdiction, the District Court found it necessary to conduct a hearing which allowed a full opportunity for development of the facts.[1] From this record the court determined that (a) the various disputes sued on presented principally landlord-tenant type complaints;[2] (b) none of the named plaintiffs presented a federal question claim involving in excess of 10,000 dollars, exclusive of interest and cost under 28 U.S.C. § 1331(a),[3] and (c) no civil rights claims under 28 U.S.C. § 1343 were demonstrated. The court also refused to permit the action to proceed as a class action.

---

1. *See* Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The proceeding was commenced as a hearing on plaintiffs' motion for a preliminary injunction. However, after plaintiffs presented ten witnesses, and defendants presented three witnesses, the parties agreed that the hearing would be treated as a final hearing on the merits. Fed.R.Civ.P. 65(a)(2).

2. Individual plaintiffs complained, for example: that the defendant local housing authority wrongfully refused to adjust their rent when two plaintiffs reported changed financial circumstances, refused to repair the ceiling of one plaintiff's bedroom, evicted one plaintiff in Justice of the Peace Court without an administrative hearing, entered another plaintiff's apartment in her absence in violation of her right to privacy, generally maintained the project containing plaintiffs' units in ill repair and allowed unsanitary conditions to exist, intimidated tenants by threats of eviction and abusive language, charged unreasonable excess charges, penalties, and fines for violations such as leaving the lid off of garbage containers ($10.00), using a box as a garbage container ($20.00), and littering ($5.00–$10.00), imposed unreasonable utility charges, and discontinued electricity and gas when rent was not paid on time.

3. *See* Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

On the record before us, we affirm the court's determinations as to (a) and (b). However, determination (c) is correct only insofar as it applies to the individual plaintiffs since plaintiffs did allege claims of racial discrimination in tenant assignment and the record did contain statistical proof that could support that claim as it might be applicable to the asserted class of black persons who are, were, or might be tenants in these projects. These allegations and proof are to no avail here because plaintiffs did not carry their burden to establish their right to maintain the present litigation as a class action. Fed.R.Civ.P. 23(a)(4).

This determination does not purport to conclude the merits of the issue of discrimination in tenant assignments as to the purported class. It covers only the attempted assertion of class rights in this present action. Similarly, the jurisdictional dismissal affirmed here is without prejudice to the rights of plaintiffs to proceed in an appropriate forum. Fed.R.Civ.P. 41(b).

Affirmed.

---

Federal question jurisdiction was based upon federal ownership of the property involved and the governance of the individual disputes

catalogued in n. 2, supra, by rules and regulations promulgated by the Department of Housing and Urban Development (HUD).