Diana **BAZATA**, Appellant,

v.

**NATIONAL INSURANCE COMPANY OF WASHINGTON et al., Appellees.**

No. 13284.

District of Columbia Court of Appeals.

Argued Oct. 12, 1978.

Decided March 22, 1979.

---

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Richard W. Galiher, Washington, D. C., for appellees.

Before NEWMAN, Chief Judge, and KELLY and HARRIS, Associate Judges.

NEWMAN, Chief Judge:

■ Appellant seeks reversal of the trial court's ruling that her shareholder's derivative suit was barred under the principles of *res judicata*. She contends that the trial court erred in holding that the prior dismissal of her action for failure to make a demand on the board of directors was an adjudication on the merits since that prior dismissal fell within the "lack of jurisdiction" exception of Super.Ct.Civ.R. 41(b).[1] We affirm.

■ In November 1976, appellant brought an action alleging negligence on the part of the corporation's president and requesting an accounting. Judge Goodrich denied appellees' motion to dismiss and permitted appellant to file an amended complaint. After appellant had done so, phrasing the case as a shareholder's derivative action, appellees again moved to dismiss, this time on the grounds that (1) appellant had failed to make a prior demand upon the corporation's board of directors as required by Super.Ct.Civ.R. 23.1, and (2) appellant's complaint failed to state a legally sufficient claim for relief. In an order of June 13, 1977, Judge Goodrich granted appellees' motion to dismiss. That order did not specify the grounds of the dismissal nor did it state whether dismissal was with or without prejudice. No appeal was taken.

Subsequently appellant made a demand upon the board of directors and, on August 5, 1977, filed another suit stating essentially the same claim for relief against the identical parties. The matter came back to Judge Goodrich who, on February 7, 1978, granted appellees' motion for summary judgment on the ground that the suit was barred by *res judicata*. After quoting the final sentence of Super.Ct.Civ.R. 41(b), the

1. The pertinent portion of Rule 41(b) provides:
   Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
   Super.Ct.Civ.R. 41 is essentially identical to Rule 41 of the Federal Rules of Civil Procedure.

While this court is not bound in its interpretation of the Superior Court Rules by the federal courts' interpretations of the Federal Rules, we may find those decisions to be analogous authority for our interpretations of the essentially identical provisions. *See Beckwith v. Beckwith*, D.C.App., 379 A.2d 955, 959 n.5 (1977), *cert. denied*, 436 U.S. 907, 98 S.Ct. 2239, 56 L.Ed.2d 405 (1978); *In re D.M.R.*, D.C.App., 373 A.2d 235, 237 (1977).

court noted that the order dismissing the prior action did not state whether it was with or without prejudice. The trial court ruled that a dismissal for failure to state an element of the shareholder's derivative action did not fall within any of the exceptions to Rule 41(b), and thus the prior dismissal was "an adjudication upon the merits" under the Rule. On this appeal appellant contends that the failure to make a demand upon the corporation's board of directors under Rule 23.1 is essentially a technical precondition to bringing the lawsuit and should be regarded as a jurisdictional requirement for the purposes of Rule 41(b).

"At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim." *Costello v. United States*, 365 U.S. 265, 285, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961). Rule 41(b) makes an involuntary dismissal which does not specify whether it is with or without prejudice "an adjudication upon the merits" unless the reason for the dismissal falls into one of the exceptions stated in the final sentence of the Rule.[2] *Weissinger v. United States*, 423 F.2d 795, 799 (5th Cir. 1970) (en banc), *vacating*, 423 F.2d 782 (1968);[3] 9 Wright & Miller, Federal Practice and Procedure: Civil § 2373, at 229 (1971).

The Supreme Court, in *Costello v. United States, supra*,

> felt that it was too narrow a reading of the "lack of jurisdiction" exception to relate the concept of jurisdiction expressed in [Rule 41(b)] only to the fundamental jurisdictional defects which render a judgment subject to collateral attack, such as lack of jurisdiction over the subject matter or person. [31 Md.L.Rev. 85, 93 (1971).]

Specifically, the Court stated that the lack of jurisdiction exception encompasses "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Costello v. United States, supra*, 365 U.S. at 285, 81 S.Ct. at 545. *See also* 19 J.Pub.L. 423, 425–29 (1970). The applicability of the exception is contingent upon whether the deficiency, which is the cause of the dismissal, pertains to the court's ability to hear an otherwise extant and arguably proper substantive claim for relief or to an element of that substantive claim. *See Hughes v. United States*, 71 U.S. (4 Wall.) 232, 237, 18 L.Ed. 303 (1866), *quoted in Costello v. United States, supra* 365 U.S. at 286, 81 S.Ct. 534. In *Costello v. United States, supra* at 287, 81 S.Ct. 534, 546, the Supreme Court held that the government's failure "to file the affidavit of good cause [required by statute] in a denaturalization proceeding does not present a situation calling for the application of the policy making dismissals operative as adjudications on the merits." *Accord, e. g., Bayou Auguste Tenants Org. v. Romney*, 506 F.2d 713, 715 (5th Cir. 1975) (failure to establish a right to maintain litigation as a class action does not purport to conclude the merits); *Durham v. Mason and Dixon Lines, Inc.*, 404 F.2d 864, 865 (6th Cir. 1968), *cert. denied*, 394 U.S. 998, 89 S.Ct. 1594, 22 L.Ed.2d 776 (1969) (trial court dismissed for a failure to exhaust statutory grievance procedures and so did not render a decision on the merits); *Saylor v. Lindsley*, 391 F.2d 965, 968–69 (2d Cir. 1968) (failure to post security-for-costs bond in shareholder's derivative action held not to bar second suit even though first suit was dismissed with prejudice).

Super.Ct.Civ.R. 23.1, which governs shareholder's derivative actions, provides in part that "[t]he complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he

---

2. Federal Rule 41(b) states three exceptions: lack of jurisdiction, failure to join a party under Rule 19, and improper venue. The last of these has been omitted from the Superior Court version of the Rule.

3. The central issue in *Weissinger v. United States, supra*, was whether a court could look behind an involuntary dismissal with prejudice to determine whether the cause of the dismissal fell into one of the exceptions stated in the last sentence of Rule 41(b). This issue is not before us, and we express no view upon it.

desires from the directors or comparable authority . . . and the reasons for his failure to obtain action or for not making the effort." The claim for relief at the core of the shareholder's derivative action is one accruing to the corporation as against a third person. While the individual shareholder might have his own claim for relief as a shareholder against the corporation or the third person, his individual claim does not encompass the corporation's claim. *Hawes v. City of Oakland*, 104 U.S. 450, 454–56, 26 L.Ed. 827 (1882). In a shareholder's derivative action, the plaintiff "must show a clear breach of duty on [the directors'] part in neglecting or refusing to act in the matter, amounting to such grossly culpable conduct as would lead to irremediable loss to him as if he were not permitted to bring the matter before the courts." *City of Detroit v. Dean*, 106 U.S. 537, 542, 1 S.Ct. 560, 564, 27 L.Ed. 300 (1883). The demand requirement

> recognizes the right of the corporate directory to corporate control; in other words, to make the corporation paramount, even when its rights are to be protected or sought through litigation. . . . But the directory may be derelict and the interests of stockholders put in peril, and a case hence arises in which the right of protecting the corporation accrues to them. [*Delaware & Hudson Co. v. Albany & Susquehanna R.*, 213 U.S. 435, 446–47, 29 S.Ct. 540, 53 L.Ed. 862 (1909). *See generally Papilsky v. Berndt*, 466 F.2d 251, 255–56, *cert. denied*, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972). *See also* 7A Wright & Miller, *supra* §§ 1821 & 1831.]

In light of the particularity of Rule 23.1's instructions and the particularity with which the facts surrounding the demand must be pleaded, we hold that, for the purposes of the Rule 41(b) lack of jurisdiction exception, the Rule 23.1 demand requirement pertains to the merits of the claim for relief rather than the means of placing that claim before the court. Thus, the trial *court properly* granted summary judgment for appellees.

*Affirmed.*