**Eloise WILDS, Appellant,**

v.

**Ruth GRAHAM, et al., Appellees.**

No. 88–312.

District of Columbia Court of Appeals.

Submitted May 25, 1989.

Decided June 28, 1989.

Eloise Wilds, pro se.

Calvin Steinmetz, Washington, D.C., was on the brief for appellees.

Before FERREN and BELSON, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

This is an appeal from an order of the Small Claims and Conciliation Branch of the Superior Court dismissing with prejudice appellant's suit against appellees. Because we conclude that the trial court erred in doing so, we reverse and remand the case.

I

On December 19, 1986, appellant filed suit against appellees, her former employers, who had agreed to compensate her for performing secretarial services for a third party. The suit alleged that appellees underpaid appellant during the period from November 28 to December 12, 1986. A default judgment was entered in her favor in the amount of $156.42—the amount of the underpayment.

On February 17, 1987, appellant filed another claim against appellees, alleging a breach of an employment agreement. Specifically, she alleged that she was hired by appellees to work through December 31, 1986, but was only paid through the 15th of that month. She also claimed an underpayment of wages in the amount of $14.63 on the latter date. Her total claim was for $640.15, plus court costs.

Appellant represented herself at trial, and she was the only witness in her behalf. She was unable to produce any written agreement documenting her employment relationship with appellees between December 15 and 31, or any other documents

---

showing she was employed during that period. Although it appears that appellant subpoenaed the documents from appellee Graham, she did not have them in court that day. It is unclear from the record whether appellant's failure to produce the records at trial was because Graham had not complied with the subpoena, the documents did not exist, or appellant had simply forgotten them.

The trial judge, noting that "If you're suing on a contract, you have to produce the contract," dismissed the complaint with prejudice, stating that appellant should have brought the records with her as it was up to her to prove her claim. Appellant subsequently filed an application for allowance of appeal, which a motions division of this court granted.[1]

## II

We have consistently stated that dismissal with prejudice pursuant to Super.Ct. Civ.R. 41(b) should be sparingly exercised. *See Hackney v. Sheeskin,* 503 A.2d 1249, 1253 (D.C.1986); *La Prade v. Lehman,* 490 A.2d 1151, 1155 (D.C.1985); *cf. Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir.1967). Here, after reviewing the record, we are left with the conviction that the trial court abused its discretion in dismissing appellant's complaint.

Appellant represented herself at trial. She had subpoenaed appellees to produce documents essential to proving her claim. Although she could not produce those documents at trial, the trial court failed to inquire as to whether appellees possessed the subpoenaed documents, whether they had been provided to appellant as ordered by the subpoena, and, if so, why appellant did not produce them at trial.[2] This would have been the better course to follow.

Consequently, we conclude that the trial court erred in dismissing appellant's suit with prejudice. *See Bay General Industries, Inc. v. Johnson,* 418 A.2d 1050, 1054 (D.C.1980). Accordingly, we reverse and remand the case with instructions to reinstate the complaint.

*So ordered.*

---

1. *See* D.C.Code § 17–301 (1981); D.C.App.R. 6.

2. It is interesting to note that appellees never testified that the documents did not exist.