## INDUSTRIAL BANK OF WASHINGTON, Appellant,

v.

## ALLIED CONSULTING SERVICES, et al., Appellees.

### No. 88–1212.

District of Columbia Court of Appeals.

Argued Feb. 28, 1990.
Decided March 27, 1990.

Bruce H. Cherkis, Rockville, Md., for appellant.

Yvette M. Bryant, Baltimore, Md., with whom D'Ana E. Johnson and Fred S. Hecker, Baltimore, Md., were on the brief for appellees.

Before NEWMAN, FERREN and FARRELL, Associate Judges.

PER CURIAM:

Appellant, Industrial Bank of Washington, brought suit on a promissory note, alleging on the face of the complaint that defendants Allied Consulting Services, Inc., Charles J. Brown, and Christine J. Brown had executed the note on or about January 24, 1983, and thereafter defaulted under the terms of the instrument. Attached to the complaint (and referenced in it as Exhibit A) was a copy of the note which revealed that it had not been executed by Charles and Christine Brown but rather by the Browns' son, Alpha E. Brown, on behalf of Allied Consulting Services, Inc. Also attached to the complaint, but not referenced therein, was a document entitled Unlimited Guaranty executed by Charles J. and Christine J. Brown on October 13, 1981, by which they purported to guarantee any and all liabilities of Allied Consulting Services, Inc. to Industrial Bank of Washington. Although the complaint made no reference to the Unlimited Guaranty, the defendants answered the complaint by asserting, in part, that "[t]he unlimited guaranty *under which plaintiff proceeds in this action* is unconscionable on its face" (emphasis added), and further

---

that plaintiff's failure to notify the defendants at the time of the note or the default on it had "increased and varied the terms of any alleged unlimited guaranty" so as to relieve the defendants of liability under it. The defendants, in short, were under no misunderstanding about the theory of the complaint, which was premised on the Unlimited Guaranty appended to it and signed by Charles and Christine Brown. Nevertheless, on August 16, 1988, the trial court, following a pretrial hearing, dismissed the complaint as to Charles and Christine Brown *sua sponte*[1] because the suit was "predicated upon a note allegedly signed by [them]," yet plaintiff was unable to produce the note upon which it "relie[d] in asserting liability against the Browns."[2]

Like the corresponding federal rules, the Superior Court Rules of Civil Procedure "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome[,] and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). *See* Super.Ct.Civ.R. 8(f) (1989) ("[a]ll pleadings shall be so construed as to do substantial justice"); *Estate of Presgrave v. Stephens,* 529 A.2d 274, 277 (D.C.1987). Under Super.Ct.Civ.R. 8(a) and (e), "a complaint is sufficient so long as it fairly puts the defendant on notice of the claim against him." *Scott v. District of Columbia,* 493 A.2d 319, 323 (D.C.1985). While a trial judge may properly "limit his consideration to issues unequivocally raised by the complaint," *id.,* that principle reflects the purpose of modern pleading, to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley, supra,* 355 U.S. at 47, 78 S.Ct. at 103. Moreover, in determining whether the complaint provides fair notice, a court must give effect to Super.Ct.Civ.R. 10(c), which provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." *See* 2A J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07[2.–5], at 12–68 (2d ed. 1989 rev.) ("material which is submitted as part of the complaint ... may be considered by the court" in deciding whether to dismiss for failure to state a claim); *Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *AMFAC Mortgage Corp. v. Arizona Mall,* 583 F.2d 426, 429–30 (9th Cir.1978).

In this case, the inartfully drafted complaint did not refer to the Unlimited Guaranty as an exhibit or expressly incorporate it. There is no dispute, however, that the Guaranty was attached to the complaint, received by the defendants with the complaint, and understood by them to be an integral part of the cause of action alleged in the complaint. As explained earlier, the defendants answered the complaint by asserting, in part, that "[t]he unlimited guaranty under which plaintiff proceeds in this action is unconscionable on its face...."

In nevertheless dismissing the complaint *sua sponte* because it referred facially only to a note executed by Mr. and Mrs. Brown personally, the trial court concluded in effect that plaintiff had failed to state a claim upon which relief could be granted. Super.Ct.Civ.R. 12(b)(6). This court, however,

> has long adhered to the "accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ... We have also held that a court, when considering a motion to dismiss for failure to state a claim, must construe the complaint in the light most favorable to the plaintiff and assume, for the purpose of the motion, that the allegations in the complaint are true.

*Vicki Bagley Realty v. Laufer,* 482 A.2d 359, 363–64 (D.C.1984) (citations omitted); *see also Seek v. Edgar,* 293 A.2d 474, 476 (D.C.1972) ("pleadings should be liberally

---

1. On January 13, 1987, the court had entered judgment on the note against defendant Allied Consulting Services, Inc.

2. The court gave plaintiff fifteen days to file the note with the court in order to have the matter restored to the pretrial calendar. Since there existed no note signed by the Browns, the Bank was unable to comply.

construed in favor of the pleader"). In light of these principles, the trial court erred in not reading the complaint in the same manner in which the defendants had read it—as alleging that the defendants, by virtue of the accompanying Unlimited Guaranty, were personally liable for the default by Allied Consulting Services. Our reasoning in *Lonon v. Fairfax Village Condo IV*, 535 A.2d 1386, 1388–89 (D.C. 1988), is dispositive on this point:

> The decision to exclude a claim because it was not specifically pleaded in the original complaint ... would require the court to find that the defendants were not on notice of the claim against them, that permitting the claim would cause undue delay, or that some other consideration justified forbidding the plaintiff to amend the complaint at trial.[3]

We do not excuse plaintiff's careless pleading in this case. Even in its pretrial statement filed on August 4, 1988, more than four years after the complaint was filed, plaintiff continued to assert that the "defendants", including Mr. and Mrs. Brown, had signed the promissory note. Courts are entitled to expect greater professionalism than this in the filing of pleadings by counsel. The defendants, however, can point to no surprise or other prejudice from these failures, and thus our decision is controlled by the preference manifested by the rules of civil procedure "for resolution of disputes on the merits, not on technicalities of pleading." *Keith v. Washington*, 401 A.2d 468, 470 (D.C.1979).

*Reversed.*

---

3. At oral argument counsel for appellant represented that he had moved orally, but unsuccessfully, to amend the complaint at the pretrial conference in chambers. Counsel for appellee did not dispute this representation.