**Loren KITT, Appellant,**

v.

**PATHMAKERS, INC., Et Al., Appellees.**

No. 94–CV–1380.

District of Columbia Court of Appeals.

Argued Jan. 26, 1996.

Decided March 4, 1996.

John W. Karr, Washington, DC, for appellant.

Judy A. Gallant, with whom Stanley M. Brand, Washington, DC, was on the brief, for appellee.

Before FERREN, KING, and RUIZ, Associates Judges.

KING, Associate Judge:

Loren Kitt, the principal clarinetist of the National Symphony Orchestra, appeals the dismissal of the three counts of his complaint seeking damages for invasion of privacy (false light), fraud, and intentional infliction of emotional distress, stemming from the television coverage of a concert performed by the orchestra on July 4, 1993.[1] The action was brought against Pathmakers, Inc., a corporation which promoted and produced the performance in question; Jerry Colbert, the principal owner and operator of Pathmakers; and, Walter Miller, the principal director of the event from which the claims arose (hereinafter collectively referred to as "Pathmakers"). In the trial court Pathmakers moved to dismiss on the ground that each count of the complaint failed to state a claim upon which relief could be granted. Super.Ct.Civ.R. 12(b)(6) (1984). Kitt contends that each count on review sets forth a claim and the trial court erred in relying upon factual defenses raised in Pathmakers' motion and on evidentiary material attached to it. Concluding that the trial court erred in grounding dismissal on factual material outside the complaint, we reverse.

## I.

The complaint alleged that Kitt was the principal clarinetist for the National Symphony Orchestra and that Pathmakers and the individual defendants were involved in the business of promoting and producing artistic performances. The complaint also alleged that:

1. Kitt does not challenge the dismissal of the count which alleged damages for a tort that he labeled intentional interference with artistic integrity.

2. The allegations made in the invasion of privacy and fraud counts are set out in their entirety in

4. Defendants were engaged to promote, produce and direct the event at issue in this case, which included a concert on the grounds of the U.S. Capitol, on July 4, 1993, to celebrate the national holiday.

5. In connection with that engagement, defendants organized, *inter alia,* a musical program which was performed by the National Symphony Orchestra.

6. The musical program included a performance of George Gershwin's "Rhapsody in Blue."

7. In the course of rehearsing that performance, defendants proposed to plaintiff and to other members of the National Symphony Orchestra that (a) an actor be employed to impersonate plaintiff's performance, and (b) that the actor be isolated from the remainder of the orchestra to give the impression to television viewers that the clarinetist was playing while standing on the west porch of the U.S. Capitol; that proposal was rejected by plaintiff and by the remainder of the orchestra, and defendants were expressly instructed not to engage in any such gimmickry for any reason whatsoever.

8. Notwithstanding the flat rejection of their proposal, defendants nonetheless, without apprising plaintiff that they had done so and without further notice to plaintiff, engaged the services of an actor who did, in fact, impersonate plaintiff as playing the clarinet on the west post [sic] of the U.S. Capitol.

9. This unauthorized and impersonated performance was televised to millions of people across the country.

The complaint then alleged the four claims noted earlier.[2]

Pathmakers moved to dismiss pursuant to Rule 12(b)(6). The motion put forth several affirmative defenses and argued factual questions which were in dispute. The motion also included, as attachments, correspondence

the appendix to this opinion. Because we do not address the sufficiency of the intentional infliction of emotional distress count, for the reason expressed in note 4 *infra,* we have not set forth the allegations contained in that count.

and a copy of a contract between Pathmakers and the orchestra. In his opposition, Kitt argued that the allegation in each count made out a *prima facie* case. He also objected to the inclusion of the factual material in Pathmakers' motion:

> defendants here have gone grossly outside of the pleadings with fact-centered material. However defendants choose to characterize their motion, a motion which raises affirmative factual defenses—as their motion does—is not properly made under Rule 12(b)(6).... Thus, at the threshold ... the motion is fatally flawed by defendants' presentation of documents and introduction of facts and opinions, all of which must, under any rational construction of Rule 12(b)(6), be ignored....

In a written order, the trial court granted Pathmakers' motion and dismissed each count. With respect to the invasion of privacy count, the trial court, relying in large part upon the contract between the orchestra and Pathmakers, made a factual finding that "[A] reasonable person viewing the performance would not have a reason to believe the actor was portraying the Plaintiff, nor would he or she find the playing of a clarinet on the Washington Monument[3] [grounds] offensive." The video tape of the performance was not incorporated into the complaint by reference and, so far as the record shows, the trial court did not view the video tape of the performance.

The fraud count was dismissed, in part, because the orchestra's contract with Pathmakers gave the latter "absolute control over the contents of the program" and, presumably because of the union contract, Kitt "was obligated to perform." Thus, concluded the trial court, Kitt did not perform, as he alleged in the complaint, in reliance upon any representations by Pathmakers. Finally, the intentional infliction of emotional distress count was dismissed as moot due to the dismissal of the other counts.

## II.

▮ Pathmakers labeled its motion as one to dismiss pursuant to Rule 12(b)(6) which permits the defendant to test whether the complaint "[fails] to state a claim upon which relief can be granted." Super.Ct.Civ.R. 12(b)(6). The trial court, in granting the motion, did not purport to rely on any authority other than Rule 12(b)(6). Such a motion

> is intended solely to test the legal sufficiency of the complaint.... [T]he motion admits all facts well pleaded but contests the plaintiff's right to any recovery on those facts.... Thus a Rule 12(b)(6) motion may not rely on any facts that do not appear on the face of the complaint itself. If any matters outside the complaint are presented to the court, then the rule requires that the motion be treated as one for summary judgment and disposed of as provided in Super.Ct.Civ.R. 56.

*American Ins. Co. v. Smith*, 472 A.2d 872, 873–74 (D.C.1984).

Plainly, in ruling on both the invasion of privacy and fraud counts, the trial court relied upon facts outside the complaint.[4] Moreover, it is undisputed that the trial judge neither informed the parties that he would be relying upon those facts, nor gave them an opportunity to present additional factual material. We hold the trial court erred in granting the motion under those circumstances.

▮ When the trial court decides a Rule 12(b)(6) motion by considering factual material outside the complaint, the motion shall be treated as if filed pursuant to Rule 56, which permits the grant of summary judgment if there are no material facts in dispute and the movant is entitled to judgment as a matter of law. Before a Rule 12(b)(6) motion may be thus acted upon, however, the express language of the Rule requires that "all parties be given a reasonable opportunity to present material relevant to the Rule 56 motion before it is decided." *Vincent v. Anderson*, 621 A.2d 367, 372–73 (D.C.1993); *Bernay v. Sales*, 435 A.2d 398, 402 n. 4 (D.C.1981) (when treating a Rule 12(b)(6) motion as a motion for summary judgment, where outside factual material is not exclud-

---

3. The trial court undoubtedly misspoke here, because the concert was held on the Capitol grounds.

4. The trial court also made factual findings that, on this record, were not ripe for resolution.

ed, the trial court must give "the parties notice of its intention to consider summary judgment and an adequate opportunity to present affidavits or other matters appropriate to a ruling on such a motion.");[5] *see* Super.Ct.Civ.R. 12(b)(6) (1984). As we said, that did not occur here. The trial court simply ruled on the motion, relying on outside facts, even though Kitt had expressly objected to the inclusion of the factual material in Pathmakers' motion. It was error for the trial court to have so ruled. In sum, because facts outside the complaint were considered, and because the trial court did not afford Kitt the opportunity to present factual material in response, the trial court did not comply with Rule 12(b)(6) when granting the motion on the grounds relied upon.[6]

For the reasons stated, those portions of the trial court order dismissing the three counts of the complaint that are the subject of this appeal are reversed, and the case is remanded with instruction to reinstate those counts of the complaint.

*Reversed.*

## APPENDIX

### First Cause of Action

(Invasion of Privacy—False Light)

10. Plaintiff realleges the foregoing paragraphs 4 through 9 as if specifically restated herein.

11. Although a member of the National Symphony Orchestra, Mr. Kitt was at [no] time a public figure or voluntarily involved in any controversy or any matter of broad public interest.

12. Defendants, jointly and separately, in carrying out their scheme to produce and broadcast publicly an impersonation of plaintiff's image, despite his express instruction not [to] do so, engaged in conduct and conveyed an impression about plaintiff which, to a reasonable person, created the false appearance that plaintiff was not the accomplished musician he was always theretofore regarded to be; and the methods and techniques of impersonation employed by the impersonator, who was then and there acting as an agent and employee of defendants, cast plaintiff's musical technique and skill into serious question among those who watched the program.

13. Defendants acted willfully and with malice and with reckless disregard of plaintiff's privacy, wishes and instructions.

14. As the direct and proximate result of the above described actions of defendants, plaintiff's professional and personal reputations were damaged.

WHEREFORE, plaintiff demands judgment against defendants, jointly and several-

---

**5.** We note that Pathmakers' motion did not comply with Rule 12–I, which requires that "there shall be served and filed with each motion for summary judgment pursuant to Rule 56 a statement of the material facts as to which the moving party contends there is no genuine issue." Super Ct.Civ.R. 12–I(k) (1994).

**6.** Even though we conclude the trial court erred in relying on factual material not contained within the complaint, we would nonetheless be free to affirm the dismissal, with respect to any count, if, viewing only the complaint, we were to conclude that the count being examined failed to state a claim upon which relief could be granted. *Sheetz v. District of Columbia*, 629 A.2d 515, 519 n. 5 (D.C.1993) ("the judgment of the trial court may be affirmed on a ground not raised or considered below"). However, "[f]or this court to affirm such a dismissal, it must be self-evident from the face of the complaint, resolving all doubts in favor of the plaintiff, that the plaintiff is not entitled to any relief." *Tele–Communications of Key West v. United States*, 244 U.S.App.D.C.

335, 340, 757 F.2d 1330, 1335 (1985). Thus viewed, we cannot say that the allegations in the complaint are insufficient to make out a *prima facie* case of invasion of privacy (false light) and fraud. *See Vassiliades v. Garfinckel's, Brooks Bros.*, 492 A.2d 580, 587 (D.C.1985); Restatement (Second) of Torts § 652A (1977) (setting out elements of invasion of privacy (false light)); *see also Bennett v. Kiggins*, 377 A.2d 57, 59–60 (D.C. 1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978) (same: fraud).

The trial court did not address the merits of Pathmakers' challenge to the intentional infliction of emotional distress count, ruling that the question was mooted by the dismissal of the other two counts. Because the trial court did not examine the sufficiency of the intentional infliction of emotional distress count, we will not either. In light of our reversal of the dismissal of the other counts, we also reverse the dismissal of the intentional infliction of emotional distress count, and remand to the trial court for further consideration of Pathmakers' motion to dismiss as to that count.

ly, for $100,000.00 in compensatory damages, and $100,000.00 in punitive damages, plus the costs of this action.

\* \* \* \* \* \*

## Third Cause of Action

### (Fraud)

20. Plaintiff realleges the foregoing paragraphs 4 through 19 as if specifically restated herein.

21. After plaintiff had expressly rejected defendants' proposal to employ an actor to impersonate plaintiff, as aforesaid, defendants expressly represented to plaintiff and others that defendants would not do so.

22. Defendants' representation to plaintiff that they would abandon their proposal to employ an impersonator, which was expressed by them to plaintiff, was false and misleading and was known to be false by defendants at the time it was made; and it was made with an intent to deceive plaintiff and to induce plaintiff to perform in the concert, something plaintiff would not have done if he had known that defendants' assurances were false and that they intended to ignore his wishes and instructions.

23. Defendants' assurances to plaintiff that they would abandon the proposal of hiring an actor to impersonate him were falsely and maliciously made, and plaintiff relied on those representations to his detriment.

24. Defendants acted with malice and with reckless disregard of plaintiff's wishes and instructions.

25. As the direct and proximate result of the above-described actions of defendants, plaintiff's professional and personal reputations were damaged, and he sustained other damages.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, for $100,000.00 in compensatory damages, and $100,000.00 in punitive damages, plus the costs of this action.