**John Laws FOSTER, Appellant,**

v.

**Ferguson EVANS, Appellee.**

**No. 00–CV–1237.**

District of Columbia Court of Appeals.

Submitted Sept. 20, 2001.

Decided Dec. 20, 2001.

Before FARRELL and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

## ORDER

PER CURIAM:

Upon review of the briefs and the record in this appeal, the court remains uncertain as to the basis for the trial court's dismissal of the case, which operates as a final adjudication on the merits because the trial court did not specifically state that the dismissal was without prejudice. *See Johnson v. Berry,* 658 A.2d 1051, 1052 n. 2 (D.C.1995) (citing Super. Ct. Civ. R. 16–II and 41(b)). Appellant argues that the court dismissed the case because of his failure to serve process on the defendant. *See* Order of the Superior Court of August 29, 2000; *but see Herbin v. Hoeffel,* 727 A.2d 883, 888 (D.C.1999). On the other hand, a docket entry indicates that the court acted because of appellant's failure to appear at a pretrial conference. *See* Super. Ct. Civ. R. 16–II. In the latter event, it is important for this court's review to have the benefit of the trial court's reasoning in imposing the most severe sanction. *See generally Durham v. District of Columbia,* 494 A.2d 1346, 1351–52 (D.C.1985). Accordingly, we remand the record of the case for clarification by the trial court of the basis for the dismissal order.

NEWMAN, J., concurring:

In considering *Durham v. District of Columbia, id.,* the trial court should be mindful of whether any lesser sanction is available where the plaintiff is proceeding *in forma pauperis.*